RIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CRIMINAL NO. 19-472 (GAG) |
| BRUNILDA RODRÍGUEZ-REYES [2], | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Defendant Brunilda Rodríguez-Reyes [2] was charged in a four-count Indictment and she agreed to plead guilty to Count One of the Indictment. Count One charged Defendant with theft of government property, in violation of Title 18, United States Code, Section 641.

On September 9, 2020, Defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. For the proceeding, the Court, the prosecutor, defense counsel, the court reporter and the courtroom deputy all appeared by videoconference. Defendant appeared by videoconference from the office of Atty. Raymond Rivera-Esteves, co-defendant's counsel. Defendant consented to appearing by videoconference, and both she and her lawyer explained they had discussed the matter. Defendant's image and voice were clear, and she could see and hear the undersigned and the lawyers clearly. Defendant signed a written waiver of physical appearance for change of plea hearing. (Docket No. 46).

The hearing proceeded without Defendant physically present because Hon. Judge Gustavo A. Gelpí made the CARES ACT findings at Docket No. 33 as follows: "Given the exigent circumstances generated by the COVID-19 Pandemic and consistent with the

United States of America v. Brunilda Rodríguez-Reyes [2]
Criminal No. 19-472 (GAG)
Report and Recommendation
Page 2

Order issued by the undersigned pursuant to the Cares Act (See 20-mc-088), the Court finds that the only viable mechanism in which it may currently conduct a change of plea hearing is by Video Conference. This will ensure public health and safety and also afford for the proceedings to be conducted without further delay. The mechanisms herein implemented are in the best interests of justice and the parties. Therefore, the Motion for Change of Plea is referred to Magistrate Judge Camille Velez-Rive for setting of Rule 11 Hearing and submission of Report and Recommendation. Hearing shall be set in accordance to the calendar availability of the Magistrate Judge."

Defendant was provided with a Consent to Proceed before a United States Magistrate Judge and a Waiver of Right to Trial by Jury which she signed and agreed upon voluntarily after examination under oath. (Docket No. 48).

Defendant indicated and confirmed her intention to plead guilty to Count One of the Indictment, upon being advised of her right to have said proceedings before a district judge of this court.[1]  Upon verifying through Defendant's statement her age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain her capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to Defendant's competency and ability to understand the proceedings.[2]

---

[1] The form entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

[2] Defendant indicated she suffers from depression and she is currently receiving mental health treatment. Defendant informed that she took Paxil, Klonopin and Diazepam within 24 hours prior to the hearing.  Defendant indicated the intake of these medications did not affect her to understand the proceedings.  Defense counsel asserted

United States of America v. Brunilda Rodríguez-Reyes [2]
Criminal No. 19-472 (GAG)
Report and Recommendation
Page 3

      Having further advised Defendant of the charges contained in above-stated Count One, she was examined and verified as being correct that: she had consulted with her counsel, Ismael Rodríguez-Izquierdo, prior to the hearing for change of plea, that she was satisfied with the services provided by her legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, her constitutional rights and the consequences of the waiver of same.

      Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing her initial plea of not guilty and now entering a plea of guilty to the charge specified, she was waiving her right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. She was also waiving her right to be presumed innocent and for the Government to meet the obligation of establishing her guilt beyond a reasonable doubt. Furthermore, she was waiving her right during said trial to confront the witnesses who were to testify against her and be able to cross-examine them, through counsel at said trial, as well as present evidence on her behalf. She was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of her right to take the stand and testify, if she so decided, or not to testify, and no inference or decision as to her guilt could be made from the fact if she decides not to testify. Defendant

---

that Defendant was competent to understand the proceedings. Based on Defendant's demeanor, coherent responses to the questions posed and the assertions of counsel a determination of competency was made.

<u>United States of America v. Brunilda Rodríguez-Reyes [2]</u>
Criminal No. 19-472 (GAG)
Report and Recommendation
Page 4

was also explained her right not to incriminate herself; that upon such a waiver of all above-discussed rights a judgment of guilty and her sentence were to be based on her plea of guilty, and she would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, Defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of her counsel, indicated she freely and voluntarily waived those rights and understood the consequences. During all this colloquy, Defendant was made aware that she could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that she may consult with her attorney at any given time as to any issue.

Defendant expressed her understanding of the penalties prescribed by statute for the offenses as to which she was pleading guilty. The Defendant understands that in relation to Count One of the Indictment, the maximum statutory penalty for the offense charged is a term of imprisonment of not more than ten (10) years, pursuant to Title 18, <u>United States Code</u>, Section 641; a fine not to exceed two hundred and fifty thousand dollars ($250,000.00); and a term of supervised release of not more than three (3) years.

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to Title 18, <u>United States Code</u>, section 3013(a)(2)(A).

Defendant is aware that the Court may, pursuant to U.S.S.G. §5E1.2, order her to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. As part of the Plea Agreement, the United States will make no recommendations as to the imposition of fines. Defendant agrees to produce

United States of America v. Brunilda Rodríguez-Reyes [2]
Criminal No. 19-472 (GAG)
Report and Recommendation
Page 5

complete information regarding all restitution victims and Defendant agrees to execute a financial statement to the United States (OBD Form 500).

The parties agree that Defendant will make restitution to the United States Social Security Administration in the amount of $156,616.50. Brunilda Rodríguez-Reyes [2] agrees to be jointly and severally responsible of said amount along with Gerardo O. Navedo-Rodríguez [1]. Defendant acknowledges that the restitution sought in this case does not impact the Social Security Administration's administrative policies and/or procedures including, but not limited to, withholding or overpayment policies. Defendant therefore agrees to a total withholding of any amount which she might be eligible to receive from the Social Security Administration in the future in order to pay restitution in this case. Defendant further acknowledges that the restitution will accrue interests pursuant to Title 18, United States Code, Section 3612(f).

Having ascertained directly from Defendant that she had not been induced in any way to plead guilty, that no one had forced her in any way to plead guilty, nor that she had been offered any reward or any other thing of value to get her to plead guilty, the document entitled "Plea Agreement (Pursuant to Rule 11(c)(1)(B) FRCP)" ("the Agreement")[3] was shown to Defendant, verifying her signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One, as to which Defendant already was aware of the maximum possible penalties, Defendant was apprised that it was

---

[3] Defendant acknowledged discussing the "Plea Agreement Supplement" with her counsel and stated she understood the terms and consequences of the same. Defense counsel recognized he explained to Defendant the content of the "Plea Agreement Supplement" and explained to Defendant its consequences.

up to the sole discretion of the sentencing court what the sentence to be imposed on her will be.

The above-captioned parties' estimate and agreement that appears on page four (4), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. As to Count One, pursuant to U.S.S.G. §2B1.1(a)(2), the Base Offense Level is of six (6). Pursuant to U.S.S.G. §2B1.1(b)(1)(D), there is an increase of six (6) levels for a specific offense characteristic: amount of loss greater than $40,000.00. Pursuant to U.S.S.G. §3E1.1, there is a decrease of two (2) levels for acceptance of responsibility. Therefore, the Total Offense Level is of ten (10), yielding an imprisonment range of six (6) to twelve (12) months, assuming a Criminal History Category of I.

The parties do not stipulate as to any Criminal History Category for Defendant.

After due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the parties agree to recommend a sentence of three (3) years probation.

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variance sentence under Title 18, United States Code, Section 3553 shall be sought by the parties. The parties agree that any request for an adjustment or departure will be considered a material breach of the Plea Agreement and the other party will be free to ask for any sentence, either guideline or statutory.

As part of the written Agreement, the Government, the Defendant, and her counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and

are thus considered advisory.

At sentencing, the United States shall request the dismissal of the remaining Counts of the Indictment.

The Government presented to this Magistrate Judge and to Defendant, assisted by her counsel, a summary of the basis in fact for the offenses charged and the evidence the Government had available to establish, in the event Defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and Defendant acknowledged the evidence of the Government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Statement of Facts", which had been signed by Defendant and her counsel and is attached to the Agreement, wherein the signature of counsel for the Government also appears.  Defendant was able to understand the explanation and agreed with the Government's submission.

Defendant was explained that the Agreement with the Government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which Defendant, her attorney and the Government, have entered.

Having once more ascertained that Defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact she is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, Defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served,  without her being eleased on parole.  Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to

<u>United States of America v. Brunilda Rodríguez-Reyes [2]</u>
Criminal No. 19-472 (GAG)
Report and Recommendation
Page 8

her, to her counsel and to the Government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that she can appeal her conviction if she believes that her guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by her guilty plea. Defendant was also informed that she has a statutory right to appeal her sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because her Plea Agreement contains a waiver of appeal in paragraph ten (10) which was read to Defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with her counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Indictment in open court because she is aware of its content, indicating she availed herself of the opportunity to further discuss same with her attorney and then she positively stated that what was contained in Count One was what she had done and to which she was pleading guilty during these proceedings. Thereafter, Defendant expressed in no uncertain terms that she agreed with the Government's evidence as to her participation in the offense. Thereupon, Defendant indicated she was pleading guilty to Count One of the Indictment in Criminal No. 19-472 (GAG).

<u>United States of America v. Brunilda Rodríguez-Reyes [2]</u>
Criminal No. 19-472 (GAG)
Report and Recommendation
Page 9

      This Magistrate Judge after having explained to the Defendant her rights, ascertaining that she was acting freely and voluntarily to the waiver of such rights and in her decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 19-472 (GAG).

      IT IS SO RECOMMENDED.

      The sentencing hearing is set for December 16, 2020 at 10:00 am by Honorable Gustavo A. Gelpí, District Judge.

      The parties have fourteen (14) days to file any objections to this Report and Recommendation. Amended Fed. R. Crim P. 59 (b)(2). <u>See</u> <u>also</u> Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-151 (1st Cir. 1994); <u>United States v. Valencia</u>, 792 F.2d 4 (1st Cir. 1986). See <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round.").

      In San Juan, Puerto Rico, this 9th day of September of 2020.

                                    s/ CAMILLE L. VELEZ-RIVE
                                    CAMILLE L. VELEZ-RIVE
                                    UNITED STATES MAGISTRATE JUDGE